

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-11-2006

# USA v. Rodriguez-Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3222

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rodriguez-Sanchez" (2006). *2006 Decisions.* Paper 339.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/339

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  05-3222
_____

UNITED STATES OF AMERICA

v.

RUFINO RODRIGUEZ-SANCHEZ,

Appellant

_____

Appeal from the District Court
of the Virgin Islands
(Division of St. Thomas, No. 01-cr-00298-1)
Chief District Judge: Honorable Raymond L. Finch

_____

Argued on May 8, 2006

BEFORE: FISHER, COWEN and ROTH*, <u>Circuit Judges</u>

(Opinion Filed: October 11, 2006)

_____

OPINION

_____

_____

*Judge Roth assumed senior status on May 31, 2006.

Thurston T. McKelvin, Esquire (Argued)
Office of the Federal Public Defender
P. O. Box 223450
Christiansted, St. Croix
USVI, 00822

        Counsel for Appellant

Anthony J. Jenkins, Esquire
United States Attorney
Major R. Coleman, Esquire (Argued)
Assistant United States Attorney
Office of the United States Attorney
United States Courthouse
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas
USVI, 00802-6424

        Counsel for Appellee

---

O P I N I O N

---

**ROTH**, Circuit Judge:

Rufino Rodriguez-Sanchez appeals his conviction and sentencing by the District Court for the Virgin Islands. He challenges the sufficiency of the evidence, the decision of the District Court not to sever his cause from his co-defendants', the admission of certain evidence, and the sentence. For the reasons set forth below, we will affirm.

**I. Background and Procedural History**

2

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to this appeal.

In October 2001, Rodriguez-Sanchez was indicted, along with a number of co-defendants, on three counts of violating federal drug laws.[1] After the District Court denied Rodriguez-Sanchez's motion to sever and his pretrial motion *in limine* to exclude certain video and audio surveillance evidence, trial commenced against Rodriguez-Sanchez and three co-defendants. The government put forth its evidence, and the defendants, including Rodriguez-Sanchez, rested on the grounds that the government had failed to prove their guilt beyond a reasonable doubt. All defendants were convicted, and Rodriguez-Sanchez was sentenced to 250 months imprisonment to be followed by five years of supervised release. On June 23, 2005, Rodriguez-Sanchez filed a timely notice of appeal.

## II. Jurisdiction

The District Court of the Virgin Islands had jurisdiction pursuant to 48 U.S.C. § 1612. We have jurisdiction over this appeal from a final judgment and commitment order by virtue of 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

---

[1]The first Count alleged a conspiracy to possess with intent to distribute five or more kilograms of a substance containing a detectable mixture of cocaine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846. Count Two charged a conspiracy to import five or more kilograms of a substance containing a detectable amount of cocaine. 21 U.S.C. §§ 952(a), 963 and 960(b)(1)(B)(ii). Finally, Count Three charged a conspiracy to possess five kilograms or more of a substance containing a detectable amount of cocaine. 46 U.S.C. § 1903 and 18 U.S.C. § 371.

3

### III. Analysis

### A. Sufficiency of the Evidence

Rodriguez-Sanchez argues, as he did following the government's case-in-chief and after the jury returned a verdict of guilty, that he deserves a new trial based on insufficiency of the evidence. Our standard of review is "particularly deferential," and we will sustain a verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (citing *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (alteration in *Dent*))). In conducting our review, we consider the evidence in the light most favorable to the government. *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993) (citations omitted). After a thorough review of the record, we believe the evidence of conspiracy was sufficient for a rational jury to conclude beyond a reasonable doubt that Rodriguez-Sanchez was guilty of the crimes charged.

To prove conspiracy, the government must establish (1) a unity of purpose between the alleged conspirators, (2) an intent to achieve a common goal, and (3) an agreement to work together toward that goal. *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999) (citing *United States v. Robinson*, 167 F.3d 824, 829 (3d Cir. 1999)). The government may satisfy its burden of proof entirely by way of circumstantial evidence.

4

*Id.* Viewing the evidence in the light most favorable to the government, there was testimony showing a conspiracy to transport drugs from Columbia through Venezuela to the Virgin Islands. As to Rodriguez-Sanchez's involvement in the conspiracy, the government put forth testimony from a coconspirator that Rodriguez-Sanchez was a member of the team assembled to smuggle the drugs and was present at a meeting between the group members where the object of the conspiracy was discussed. Additionally, and perhaps most compellingly, Rodriguez-Sanchez was on-board one of the two vessels stopped by United States and British authorities after coming together in an apparent drug drop-off.[2] Taken as a whole, we believe that a rational fact-finder could have found that Rodriguez-Sanchez entered a conspiracy to violate the statutory sections listed in the indictment.

## B. Severance

Prior to trial, Rodriguez-Sanchez moved to have his cause severed from his co-defendants'. The District Court denied the motion. We review the denial of a motion for severance for abuse of discretion. *United States v. Hart*, 273 F.3d 363, 369 (3d Cir. 2001) (citing *United States v. Sharma*, 190 F.3d 220, 230 (3d Cir. 1999)).

---

[2]Although cocaine was not recovered from the vessel Rodriguez-Sanchez was apparently navigating, it was a "go-fast vessel" (22 feet long, open hull, with twin 90 horsepower engines) that contained paraphernalia for concealing drugs. Moreover, the authorities noted the two vessels, running lights off despite the dark sky, come together roughly 15 miles offshore. From this evidence, it was permissible for the jury to draw an inference that Rodriguez-Sanchez was part of a group perpetrating an illicit transaction.

Severance is required "only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Thornton*, 1 F.3d 149, 153 (3d Cir. 1993) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *see also* FED. R. CRIM. P. 14. Given the similarity of the relevant evidence, the lack of undue prejudice, and the interest in judicial economy, the decision to hold a joint trial was not an abuse of discretion. *See United States v. Balter*, 91 F.3d 427, 432-33 (3d Cir. 1996); *United States v. Sarracino*, 340 F.3d 1148, 1175 (10th Cir. 2003) (rejecting argument that severance was required where defenses were not antagonistic, evidence would have been admissible in a separate trial, and proper jury instructions were provided).[3]

## C.  Admissibility of Audio and Video Evidence

Out-of-court statements from coconspirators are admissible against a fellow conspirator pursuant to FED. R. EVID. 801(d)(2)(E).[4]  Before such evidence can be offered

---

[3]That Rodriguez-Sanchez did not suffer undue prejudice by virtue of the joint trial is underscored by the fact that none of the defendants put forth direct evidence, relying instead on their hope that the jury would find that the government did not meet its burden of proof.  The absence of conflicting theories from the defense makes the concerns raised by joint trials far less pressing.  *See United States v. Banks*, 687 F.2d 967, 973 (7th Cir. 1982) (noting that defenses that did not conflict did not warrant severance).  Moreover, the jury was properly instructed to weigh evidence against only those defendants to which it pertained.

[4]Although this type of evidence involves out-of-court statements offered for the truth of the matter asserted, the Federal Rules of Evidence consider it to be non-hearsay rather than to fall within an exception to the hearsay rules.  FED. R. EVID. 801(d).

at trial, however, the District Court must, by a preponderance of the evidence, find that: (1) a conspiracy existed, (2) the person whom the statements are being offered against was a member of the conspiracy, (3) the statements were made in the course of the conspiracy, and (4) the statements were made in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Vega*, 285 F.3d 256, 264 (3d Cir. 2002) (citations omitted). Rodriguez-Sanchez claims that the District Court erred by failing to make the requisite findings before admitting the video and audio tape evidence. Whether the District Court conducted the required analysis is a question of law which we review *de novo*. *See Savarese v. Agriss*, 883 F.2d 1194, 1200 (3d Cir. 1989) (quoting *In+ re Japanese Elec. Prods.*, 723 F.2d 238, 257 (3d Cir. 1983) (*rev'd on other grounds, sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986))). The District Court's factual findings are reviewed for clear error. *Vega*, 285 F.3d at 264.

The District Court heard argument on Rodriguez-Sanchez's motion *in limine* to prohibit the introduction of the video and audio evidence and denied it. As to a potential 801(d)(2)(E) problem, the District Court admitted the evidence subject to a motion to strike if proceedings during the trial ultimately revealed, despite initial impressions to the contrary, that the evidence was not related to the conspiracy. We believe the District Court's decision comported with the requirements of FED. R. EVID. 801 because the government established that the video tapes showed indicted coconspirators (including Rodriguez-Sanchez) meeting together and going to inspect one of the vessels that would

later be used in the drop-off. As to the audio tapes, the government established that they included conversations between an indicted coconspirator (with whom Rodriguez-Sanchez was seen in the video) and unindicted coconspirators. The course of the trial gave the District Court no reason to question its earlier ruling because the government further connected Rodriguez-Sanchez to the conspiracy.

## D. Sentencing

In his final argument, Rodriguez-Sanchez seeks to assign error because the District Court, rather than the jury, concluded the total drug weight for which Rodriguez-Sanchez was held responsible. This argument is unavailing. Rodrigeuz-Sanchez was sentenced after the Supreme Court's seminal decision in *United States v. Booker*, 543 U.S. 220 (2005), and the District Court sentenced Rodriguez-Sanchez within the statutory maximum,[5] operating under an advisory Guidelines regime. Accordingly, there is no constitutional error. *Id.; Apprendi v. New Jersey*, 530 U.S. 466 (2000).

## IV. Conclusion

For the reasons set forth above, the judgment of conviction and sentence will be affirmed.

---

[5]Rodriguez-Sanchez was sentenced to 250 months. The statutory maximum for his offenses of conviction is life imprisonment. *See, e.g.*, 21 U.S.C. § 841(b).